| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| SOFIA GARCIA, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:25-CV-156 |
| § | |
| LUCKY BROTHERS, INC., and § | |
| YAN FRISBY, *surviving spouse* § | |
| *and heir of Steve Frisby*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the court are Plaintiff Sofia Garcia's ("Garcia") Motion to Remand (#8) and First Amended Motion to Remand (#9), wherein Garcia asks the court to remand this action to the 60th Judicial District Court of Jefferson County, Texas. Defendants Lucky Brothers, Inc. ("Lucky Brothers"), and Yan Frisby ("Y. Frisby") (collectively "Defendants") filed a Response (#10); Garcia filed a Reply (#12); and Defendants filed a Sur-Reply (#13). Having considered the pending motions, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Garcia's motions should be denied.

I.  Background

On January 22, 2024, Garcia filed her Original Petition (#2) in the 60th Judicial District Court of Jefferson County, Texas. Garcia's Original Petition asserted claims of negligence and negligence *per se* against Steve Frisby ("S. Frisby") and Lucky Brothers for injuries arising from an automobile accident. Specifically, on March 28, 2023, Garcia was driving on Interstate Highway 10, when a tractor-trailer owned by Lucky Brothers and operated by S. Frisby allegedly

failed to maintain its lane of travel. The tractor-trailer collided with Garcia's vehicle and pushed it into a concrete retaining wall.

On October 2, 2024, S. Frisby died from causes unrelated to the collision. Consequently, Garcia, who had not yet effected service on any of the parties named in her Original Petition, filed her First Amended Petition (#3). Garcia's Amended Petition named Y. Frisby as S. Frisby's surviving heir and spouse. Garcia served Y. Frisby on February 13, 2025, approximately 388 days after Garcia commenced the lawsuit. Garcia effected service on Lucky Brothers fourteen days later by serving the Secretary of the State of Texas. The Secretary of State received Lucky Brothers's return receipt on March 24, 2025, 427 days after Garcia brought this action. That same day, Garcia's counsel indicated for the first time that her damages satisfy the federal jurisdictional amount in controversy requirement by forwarding records to Defendants showing that she incurred $98,370.73 in medical expenses.

It is undisputed that Garcia is a citizen and resident of the State of Texas. Lucky Brothers is a foreign corporation incorporated in California, where it also maintains its principal place of business. Therefore, Lucky Brothers is considered a citizen of California. Y. Frisby is also a citizen of California, as was S. Frisby. On March 28, 2025, Lucky Brothers removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. On April 28, 2025, Garcia filed a Motion to Remand (#8). The next day, Garcia filed an Amended Motion to Remand (#9), alleging that Y. Frisby did not properly consent to removal and that Lucky Brothers's Notice of Removal was untimely because it was filed more than one year after Garcia commenced this action.

2

II.  Analysis

   A.  Removal Jurisdiction

"Federal courts [ . . . ] are courts of limited jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019); *accord Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.*, 53 F.4th 361, 364 (5th Cir. 2022); *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 816 (5th Cir. 2021). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377; *accord Royal Canin U.S.A., Inc.*, 604 U.S. at 26. The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Royal Canin U.S.A., Inc.*, 604 U.S. at 38; *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009); *Atkins v. CB&I, L.L.C.*, 991 F.3d 667, 669 n.1 (5th Cir. 2021); *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276

3

F.3d 720, 723 (5th Cir. 2002)); *accord Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018); *see* 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2013). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Leboeuf v. Hatle*, No. 20-105, 2020 WL 1074952, at *1 (E.D. La. Mar. 6, 2020) (citing *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008)); *accord Hernandez v. State Farm Lloyds*, No. DR-16-CV-164-AM/CW, 2017 WL 8131570, at *2 (W.D. Tex. Sept. 19, 2017); *Fort Worth & W. R.R. Co. v. Stevenson*, No. 3:15-CV-0906-B, 2015 WL 3867906, at *1 (N.D. Tex. June 22, 2015). Non-jurisdictional defects in the removal procedure, such as removal by an in-state defendant, however, are waived unless raised in a motion to remand within thirty days after removal. 28 U.S.C. § 1447(c); *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004); *Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) (citing *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991)).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 395 (5th Cir. 2009). "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 307 (5th Cir. 2021); *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183

(5th Cir. 2018). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)); *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024); *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020). In short, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)); *accord Allen*, 907 F.3d at 183; *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

    B.    <u>Consent to Removal</u>

In the present case, the parties do not dispute that diversity jurisdiction exists. Rather, the central issue is whether Lucky Brothers satisfied the procedural requirements for removal. The procedure for effectuating removal is set forth in 28 U.S.C. § 1446. *Johnson v. Heublein, Inc.*, 227 F.3d 236, 240 (5th Cir. 2000); *see In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 581-82 (S.D. Tex. 2012). Section 1446(a) provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).  Section 1446 further provides that in cases involving multiple defendants, "all defendants who have been properly joined and served must *join in* or *consent to* the removal of the action."  28 U.S.C. § 1446(b)(2)(A) (emphasis added); *Adams v. Ford Motor Co.*, No. 12-2168, 2012 WL 5877957, at *2 (W.D. La. Nov. 20, 2012).  Under the last-served defendant rule, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  28 U.S.C. § 1446(b)(2)(B); *see Murillo v. Del Cuore*, No. 20-1761, 2020 WL 5269945, at *1 (E.D. La. Sept. 4, 2020).

For consent to be proper, the United States Court of Appeals for the Fifth Circuit has held that there must be a timely filed, written indication from the consenting defendant, or from some person purporting to act formally on the consenting defendant's behalf and with the authority to do so, confirming that the defendant has actually consented to removal.  *See Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *Langer v. Dollar Tree Distrib., Inc.*, 23-CV-00189, 2023 WL 4940518, at *4 (W.D. Tex. Aug. 2, 2023).  The failure to obtain consent from each of the defendants properly joined and served renders the notice of removal defective.  *Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991); *Harditsy v. Fam. Moving Servs., Inc.*, No. 3:23-CV-00307, 2024 WL 1252943, at *7 (N.D. Tex. Mar. 22, 2024).  Nonetheless, such failure is a waivable, non-jurisdictional defect.  *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990); *Robertson v. Ball*, 534 F.2d 63, 64-65 (5th Cir. 1976); *Maodus v. Sprout Foods, Inc.*, No. 1:24-CV-001189, 2025 WL 597093, at *4 (W.D. Tex. Feb. 6, 2025); *Siblock v. Pollacco*, No. 1-23-CV-00682, 2023 WL 5938091, at *5 (W.D. Tex. Sept. 12, 2023).  Hence, a motion to remand based on a lack of unanimity, like any other motion

predicated on the failure to comply with a procedural requirement, must be filed within thirty days of removal. *See* 28 U.S.C. § 1147(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

Here, Garcia maintains that, despite sharing counsel and including a statement of consent in its Notice of Removal, Lucky Brothers failed to obtain Y. Frisby's consent, and that, as a result, the rule of unanimity is not satisfied. Nevertheless, the sharing of counsel, standing alone, is insufficient to establish consent. *See Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 646 (S.D. Miss. 2003) (noting that the fact defendants shared counsel did not "create an implied joinder or consent" to the removal); *Manzanarez v. Liberty Mut. Fire Ins. Co.*, No. 19-11724, 2019 WL 4010926, at *3 (E.D. La. Aug. 26, 2019) (citing *Garner v. Hyken*, No. 10-4135, 2011 WL 1002098, at *2-3 (E.D. La. Mar. 18, 2011)). Likewise, the mere fact a notice of removal contains an unsubstantiated statement of consent from the allegedly consenting defendant is similarly insufficient to show consent. *See Moody v. Com. Ins. Co.*, 753 F. Supp. 198, 200 (N.D. Tex. 1990) (concluding that the *Getty Oil* standard was not satisfied because there was only an unsupported statement that the non-removing defendant consented to removal); *accord Gonzalez v. Dogtown Volunteer Fire Dep't*, No. 18-CV-173, 2018 WL 7680649, at *3 (W.D. Tex. July 27, 2018); *Royal v. Fontenot*, No. 09-0835, 2010 WL 4068868, at *2 (W.D. La. Oct. 14, 2010). Consent, however, is sufficient if the parties share counsel, the notice of removal contains a statement of consent, and the notice also contains an indication of the attorney's authority to bind the consenting party. *See Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 n.18 (5th Cir. 2018); *Malone v. Spence*, No. 3:21-cv-02047, 2022 WL 22887096, at *3 (N.D. Tex. May 24,

2022); *Redus v. Univ. of the Incarnate Word*, 61 F. Supp. 3d 668, 674 (W.D. Tex. 2014); *Cooke v. Am. Red Cross*, No. 5:10-CV-152, 2010 WL 11565016, at *2 (N.D. Tex. Nov. 12, 2010).

In *Cooke*, the defendant timely filed a notice of removal, which contained a statement that its co-defendant consented to the removal. 2010 WL 11565016, at *1. Additionally, defendants shared counsel "and the signature block indicate[d] that the notice was filed by '*Counsel for Defendants*.'" *Id.* The court held that the co-defendant properly consented to removal because defendants shared counsel, there was a statement of consent in the notice, and the signature block indicated that counsel had authority to bind the co-defendant to the notice. *Id.* at *2.

Here, Y. Frisby likewise properly consented to Lucky Brothers's Notice of Removal because she shares counsel with Lucky Brothers, there is a statement of her consent in Lucky Brothers's Notice, and the Notice reflected counsel's authority to bind Y. Frisby to the statement of consent. Namely, paragraph eight of Lucky Brothers's Notice of Removal (#1) states "Defendant Yan Frisby . . . consents to removal of this case to federal court." Furthermore, a line just below defense counsel's signature block reads "ATTORNEYS FOR DEFENDANTS." *See Cooke*, 2010 WL 11565016, at *1. Moreover, because Defendants filed Original Answers for each Defendant prior to removal and attached both of the Original Answers to the Notice of Removal, Garcia knew, at the time of removal and does not contest, that the Defendants share counsel. Thus, Y. Frisby properly consented to removal because the record reflects that counsel for Defendants had the authority to bind her, the co-defendant, to the statement of consent.

C.  Bad Faith Pursuant to 28 U.S.C. § 1446(c)(1)

Garcia maintains, however, that Defendants failed to remove the case within the time period prescribed by 28 U.S.C. § 1446(b)(3). Section 1446(b)(3) expressly provides a time

8

limitation on the removal of certain cases. Thus, cases based on diversity jurisdiction, such as the case at bar, may not be removed more than one year after the commencement of the action unless the district court finds that the plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(c); *see* H.R. Rep. No. 112-10, at 15 (2011). This rule, commonly called the "one-year bar," is "intended to 'reduc[e] the opportunity for removal after substantial progress has been made in state court.'" *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 n.8 (5th Cir. 2003) (citing H.R. Rep. No. 100-889, at 72 (1988)) (referencing the prior version of the one-year bar).

In 2011, Congress amended the removal statute and expressly added the bad-faith exception to the one-year bar. *See Hoyt*, 927 F.3d at 293 (citing *Federal Courts Jurisdiction and Venue Clarification Act of 2011*, Pub. L. No. 112-63, 125 Stat. 758 (2011)). Currently, the statute provides, in relevant part:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1). The determination of bad faith is left to the discretion of the district court, but "the exception to the bar of removal after one year is limited in scope." H.R. Rep. No. 112-10, at 15; *see Cali v. Colgate-Palmolive Co.*, No. 23-1605, 2024 WL 1481422, at *2 (M.D. La. Feb. 29, 2024); *Carter v. Chevron U.S.A.*, No. 4:22-CV-3570, 2023 WL 5002458, at *2 (S.D. Tex. Aug. 4, 2023) (citing *Bryson v. Wells Fargo Bank, NA*, No. 1:16-CV-28, 2016 WL 1305846, at *4 (E.D. Tex. Mar. 31, 2016)). Bad faith arises when a plaintiff "manipulate[s] the statutory rules for determining federal removal jurisdiction . . . preventing a defendant from exercising its rights." *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017); *see DeForrest v. WPX Energy Permian, L.L.C.*, No. 23-CV-00026, 2024 WL

578574, at *2 (W.D. Tex. Feb. 13, 2024). Additionally, a defendant's burden in proving the "bad faith exception" is heavy, as courts are "reluctant to find a party acted in bad faith without 'clear and convincing proof.'" *Manley v. Daimler AG*, No. 3:22-CV-2634, 2023 WL 4275004, at *4 (N.D. Tex. June 29, 2023) (quoting *Boney v. Lowe's Home Ctrs., L.L.C.*, No. 3:19-CV-1211, 2019 WL 5579206, at *2 (N.D. Tex. Oct. 29, 2019)). Here, it is undisputed that Lucky Brothers filed its Notice of Removal (#1) more than one year after Garcia commenced the present action. Therefore, for removal to be proper, the Defendants must show, by clear and convincing evidence, that Garcia acted intentionally to prevent removal.

          1.     <u>Amount in Controversy</u>

Defendants first assert that Garcia acted in bad faith by intentionally concealing the amount in controversy. Courts have recognized that the bad faith exception applies when plaintiff "deliberately fail[s] to disclose the actual amount in controversy to preclude removal." *Haydel v. Ocean Harbor Cas. Ins. Co.*, No. 24-1209, 2024 WL 3423014, at *8 (E.D. La. July 16, 2024) (quoting 28 U.S.C. § 1446(c)(3)(B)). Generally, a plaintiff's failure to "plead the amount of damages in the original and amended petition does not rise to the level of concealment that would merit a finding of bad faith." *Space Maker Designs, Inc. v. Steel King Indus.*, No. 3:09-CV-2386, 2010 WL 2680098, at *2 (N.D. Tex. July 6, 2010) (citing *Morgan Bldgs. & Spas, Inc., v. Advantage Mfg. Inc.*, No. 3:06-CV-0149, 2006 WL 1140657, at *1 (N.D. Tex. May 1, 2006)). In *Boney v. Lowe's Home Ctrs., L.L.C.*, the plaintiff filed an amended petition that sought to recover an unspecified amount in damages. 2019 WL 5579206, at *1. The plaintiff then filed a second amended petition that alleged damages in an amount "of more than $100,000, but less than $200,000." *Id*. One year and eight days passed between the filing of the plaintiff's amended

10

petition and the second amended petition. *Id.* The court noted that the more than year-long gap, by itself, did not demonstrate that the plaintiff acted in bad faith. *Id.* at *2 ("While defendant may have been uncertain as to damages until the one-year deadline, [defendant] has proffered no evidence that plaintiff *knew* that damages were above $75,000 or tried to conceal that fact.") (emphasis added).

Here, Garcia alleges in her First Amended Petition (#3) that "[d]amages in this personal injury case, exclusive of interests and costs, exceed the minimum jurisdictional limits of this court." In 2013, the Texas Rules of Civil Procedure were amended to require the plaintiff to state in its original pleading that it seeks:

(1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs;

(2) monetary relief of $250,000 or less and non-monetary relief;

(3) monetary relief of over $250,000 but not more than $1,000,000;

(4) monetary relief over $1,000,000; or

(5) only non-monetary relief.

TEX. R. CIV. P. 47(c). Garcia filed her Original Petition in state court on January 22, 2024. Because Rule 47 was amended twelve years prior, Garcia should have known that she was required to include one of the statements listed above in her First Amended Petition, which would have, at least somewhat, elucidated the amount in controversy. Garcia's failure to comply with Rule 47 alone, however, does not establish that she *deliberately* failed to disclose the actual amount in controversy. *See Space Maker*, 2010 WL 2680098, at *2; *see Boney*, 2019 WL 5579206, at *1 (noting that a year-long delay between the filing of the original petition and the

disclosure of information that makes the case removable, without more, does not indicate a plaintiff acted in bad faith).

Garcia, however, did not simply fail to disclose the amount in controversy. In the Notice of Removal, Defendants attach seven billing record affidavits, all which were obtained by Garcia before commencing the present lawsuit. Accordingly, counsel for Garcia actively sought out, and had in their possession, records demonstrating that Garcia's medical bills exceeded $75,000.00 by January 11, 2024. It was not until March 20, 2025, however, that Garcia's counsel sent an email to Defendants stating that Garcia's medical expenses totaled $98,370.73. As a result, despite actively seeking out and obtaining information about Garcia's medical expenses, her counsel waited over 430 days to disclose those expenses, which were well above the federal jurisdictional threshold, to Defendants. This course of conduct suggests the lack of good faith on the part of Garcia and her counsel.

### 2. Service Delays

Defendants maintain that Garcia acted in bad faith by failing to take any action during the first eleven months and twenty-two days of the pending litigation. There is no clear standard for determining "bad faith" under U.S.C. § 1446(c). *See Flores v. Intex Recreation Corp.*, No. 2:20-CV-73, 2020 WL 6385679, at *2 (S.D. Tex. July 2, 2020) (citing *Ralston v. Sherwin-Williams Co.*, No. 2:20-CV-64, 2020 WL 3048159, at *3 (S.D. Tex. June 8, 2020)). The Fifth Circuit, however, has suggested that district courts should consider what "motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct was meant 'to prevent a defendant from removing the action.'" *Hoyt*, 927 F.3d at 293 (quoting 28 U.S.C. § 1446 (c)(1)). Consequently, district courts within the Fifth Circuit have analyzed whether a plaintiff's litigation

conduct includes manipulation of the removal statute. *See Prescia v. Old Republic Ins. Co.*, No. 18-593, 2018 WL 7001775, at *3 (M.D. La. Dec. 6, 2018); *Rantz*, No. 17-3338, 2017 WL 3188415 at *5 (E.D. La. July 26, 2017) ("Other courts that have considered the issue have likewise focused on whether a plaintiff's conduct demonstrates manipulation of the removal rules in order to prevent a defendant's removal." (citing *Shorraw v. Bell,* No. 15-3998, 2016 WL 3586675, at *5 (D.S.C. July 5, 2016))). District courts also assess whether the plaintiff is making a "transparent attempt to avoid federal jurisdiction." *Rantz,* 2017 WL 3188415, at *5 (quoting *Kidwai v. Fed. Nat'l Mortg. Ass'n,* No. 13-CV-972, 2014 WL 252206, at *2 (W.D. Tex. Jan. 22, 2014)).

Several cases discuss situations where a plaintiff acted in bad faith to prevent removal. *See Jalbert v. Raymond James & Assocs., Inc.*, No. 1:23-CV-00505, 2024 WL 1742246, at *3 (W.D. La. Jan. 3, 2024); *Flores*, 2020 WL 6385679, at *4; *Lawson v. Parker Hannifin Corp.*, No. 4:13-cv-923-O, 2014 WL 1158880 (N.D. Tex. Mar. 20, 2014); *Shriver v. Sprintcom, Inc.*, 167 F. Supp. 2d 962 (S.D. Tex. 2001). In *Lawson*, the court found bad faith when the plaintiff failed to serve the defendant until seven months after filing suit, did not move for a default judgment when the defendant failed to appear or answer the plaintiff's petition, and never sought discovery against the defendant. 2014 WL 1158880, at *6. Additionally, in *Shriver*, the court concluded bad faith existed when a plaintiff non-suited the non-diverse defendant "beyond the eleventh hour," essentially the night before the trial in state court was set to begin. 167 F. Supp. 2d at 963-64. Also, in *Shriver*, the plaintiff had previously dismissed his initial suit when it was removed to federal court and then re-filed essentially the same suit in state court but added a non-diverse defendant. *Id*. at 962-63. Courts have also found bad faith where a plaintiff pursues

claims against a defendant with "minimal" effort. *Jalbert*, 2024 WL 1742246, at *6 ("Thus the evidence of the [plaintiff's] bad faith-only minimally pursuing the claims against Hyman [ . . . ] all indicate the trustee was misusing the removal statute by leaving Hyman in the case as a Defendant."); *Flores*, 2020 WL 6385679, at *3 ("Further, it is evident that Plaintiffs pursued their claims against [defendant] only half-heartedly.").

Here, Defendants assert that Garcia acted in bad faith by attempting to prevent them from removing this action. A review of the state court docket reflects that the case sat completely idle for 358 days. Additionally, Garcia did not request the issuance of citation to serve either defendant until 360 days after she initially filed suit. Due to Garcia's delay in effecting service, Defendants were served well after the passage of the one-year deadline for removal.

Garcia claims that the delay in service resulted from S. Frisby's death. S. Frisby, however, died ten months after Garcia filed suit. Consequently, Garcia's proffered explanation fails to account for the extended period of inactivity preceding S. Frisby's death. Garcia also fails to explain why S. Frisby's death would cause her to take 402 days to serve Lucky Brothers. Moreover, as Defendants point out in their Sur-Reply (#13), "[Garcia's delays] effectively prevented any defendant from removing the case within the one-year-statutory period, thereby circumventing [Defendants's] removal rights." Garcia's delays in service also made it impossible for the Defendants to obtain information through discovery or otherwise as to the amount in controversy. As a result, the court is of the opinion that an inference that Garcia acted intentionally to circumvent removal is warranted in light of the totality of the facts and circumstances presented. Thus, Defendants' removal of the present case was proper under 28 U.S.C. § 1446(c) due to bad faith on the part of the plaintiff and her counsel.

III.     Conclusion

An evaluation of the relevant facts and controlling law reveals that this court has subject matter jurisdiction over this action. Y. Frisby properly consented to Lucky Brothers's Notice of Removal. Although Lucky Brothers filed its Notice of Removal one year after Garcia commenced this action, removal is still timely because Garcia acted in bad faith to prevent removal. Therefore, this case was properly removed, and remand is not warranted.

Accordingly, Garcia's Motions to Remand (#s 8, 9) are DENIED.

SIGNED at Beaumont, Texas, this 8th day of August, 2025.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　MARCIA A. CRONE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE